UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Estate Litigation Trust and as Trustee for the DBSI Private Actions Trust,<br><br>              Plaintiff,<br><br>v.<br><br>EIDE BAILLY LLP, JOHN DOES 1-50 and ABC ENTITIES 1-50,<br><br>              Defendants. | Case No. 1:12-CV-349-S-MJP<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS** |

This matter is before the Court on the Report and Recommendation ("R&R") of

the Honorable Magistrate Judge Ronald E. Bush (Dkt. No. 107), the objections of

Plaintiff James R. Zazzali (Dkt. No. 114), and the objections of Defendant Eide Bailly

LLP (Dkt. No. 113). The Court considered the R&R, the objections, Eide Bailly's

response to Zazzali's objections (Dkt. No. 122), Zazzali's response to Eide Bailly's

objections (Dkt. No. 123) and all related documents. The R&R addresses two motions:

(1) Eide Bailly's motion to dismiss for lack of standing, and (2) Eide Bailly's motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief

can be granted. The Court ADOPTS the Report and Recommendations.

**Background**

DBSI, Inc. and its related entities filed for bankruptcy in the United States District

Court of Delaware in 2008. (Dkt. No. 1 at 5.) The Bankruptcy Court confirmed a plan

**Order - 1**

which created four trusts, including the Estate Litigation Trust ("ELT") and the DBSI

Private Action Trust ("PAT"). (Id. at 6.) Plaintiff James R. Zazzali is the court approved

Trustee for the PAT and ELT trusts. (Id.)

Zazzali claims DBSI was engaged in an elaborate Ponzi scheme, where guaranteed

returns to earlier investors could only be satisfied by the flow of funds from newly-

deceived investors. (Dkt. No. 1 at 17.) Zazzali asserts Eide Bailly was engaged to and did

audit financial statements for DBSI, and Eide Bailly auditors facilitated DBSI's Ponzi

scheme by purposefully failing to perform audits in accordance with applicable

professional standards, certifying fraudulent financial statements, and issuing deceptive

audit opinions, all while knowing their statements would be used in DBSI offering

materials and relied upon by the investing public. (Id. at 18.)

Zazzali brought 16 claims against Eide Bailly on behalf of one or both trusts, and Eide

Bailly moved to dismiss the claims, bringing one motion to dismiss for lack of standing

and one motion to dismiss for failure to state a claim upon which relief can be granted.

(Dkt. Nos. 80 and 81.) The R&R recommended denying the motion to dismiss for lack of

standing, and granting in part and denying in part the motion to dismiss for failure to state

a claim. (Dkt. No. 107.) Both parties objected, and each objection is addressed below.


I.      Lack of Standing

Defendant argued in its motion to dismiss for lack of standing that Zazzali purports to

bring claims on behalf of individual investors and creditors who have assigned their

claims to the PAT, and this exceeds Zazzali's authority under the Bankruptcy code. (Dkt.

**Order - 2**

No. 80-1 at 5.) Eide Bailly asserts the Court must dismiss claims on behalf of PAT for lack of subject matter jurisdiction because Zazzali lacks standing. (Id.) Eide Bailly argues bankruptcy laws do not authorize a trustee to assert claims for the benefit of third parties rather than the estate as a whole. (Id. at 6.)

The R&R rejected Eide Bailly's argument, finding that the cases relied upon by Eide Bailly do not apply because they address the standing of bankruptcy trustees and not post-conformation trustees like Zazzali. (Dkt. No. 107 at 17.) The R&R said, because Zazzali is not a bankruptcy trustee the Bankruptcy Code and cases bearing on the Code do not apply, the matter is governed by the mandates of the Plan and/or the PAT Agreement. (Id. at 18.) Judge Bush found there was no apparent legal authority or policy impediment to preclude creditors assigning their claims to a private right of action trust pursuant to a plan of liquidation, or to the private action trustee pursuing those claims, and thus Zazzali has standing. (Id. at 20.)

Eide Bailly relies on Williams v. California 1st Bank for the proposition that, in the Ninth Circuit, a trustee cannot pursue claims of third parties even when the claims are assigned. 859 F.2d 664, 666 (9th Cir. 1988). The R&R rejects the reliance on Williams, pointing out, like the Supreme Court case it relies upon, Williams addresses the standing of a trustee in bankruptcy, and at issue here is a post-confirmation trustee. (Dkt. No. 107 at 17, discussing Caplin v. Marine Midland Grace Trust Co. of N.Y., 406 U.S. 416 (1972)).  Judge Bush instead relies on Grede v. Bank of NY Mellon, 598 F.3d 899, 902 (7th Cir. 2010),where the Seventh Circuit expressly addressed the issue of permissible duties of a trustee after bankruptcy. (Dkt. No. 107 at 17.)

**Order - 3**

In its Objections, Eide Bailly argues there is a circuit split, and the Seventh Circuit's

decision in Grede expressly distinguished Williams. (Dkt. No. 113 at 5.) It is true that

Grede uses the phrase, "We must choose between the second circuit's holding and the

ninth's." 598 F.3d at 901. However, this is both dicta and an overgeneralization of

Williams, which has been rejected in other cases. In fact, Williams does not address the

bankruptcy/post-bankruptcy issue at all; Williams stands for the proposition that a trustee

in bankruptcy does not have standing to pursue claims on behalf of third parties even

when those claims are assigned. Williams, 859 F.2d at 665, 666.

Contrary to Eide Bailly's suggestions, at least one opinion in the Ninth Circuit has

followed Grede and held a post-confirmation trustee has standing to pursue the assigned

claims of third parties. In Calvert v. Zions Bancorporation, the United States Bankruptcy

Court for the Western District of Washington specifically found Caplin and Williams do

not apply to a post-confirmation trustee, because once there is a confirmed plan the

liquidating trustee is bound by the terms of the new contract and contract principles

apply. 485 B.R. 604, 611 (W.D. Wash. 2013.) Calvert clearly states a post-confirmation

trustee, like Zazzali, has standing to pursue assigned claims. Id. at 612.

Calvert relies on a Delaware case, Zazzali v. Hirschler Fleischer, P.C. 482 B.R.

495 (Del. 2012), which is extremely factually similar to the case presented here. Hirschler

stems from the same alleged DBSI Ponszi scheme, and was brought against DBSI's legal

counsel. In that case, the defendants raised the same standing arguments as Eide Bailly

presents here. The court in Hirschler found, on factual circumstances almost identical to

those presented here, the post-confirmation trustee in that case had standing. Id. at 510-

**Order - 4**

11. That court rejected nearly identical arguments about the applicability of <u>Caplin</u> and <u>Williams</u>. <u>Id</u>. at 509-10. Likewise, Defendant's objections here are unfounded and the Court adopts the R&R's finding that Plaintiff does have standing to pursue claims on behalf of PET.

II.     Dismissal for Failure to State a Claim

Defendant's motion to dismiss for failure to state a claim brings forth multiple arguments with respect to each claim brought by Plaintiff. The R&R recommends granting the motion as to some claims and not to others, and both parties filed objections. Each objection is addressed below, by party.

<u>Eide Bailly's Objections</u>

*1. Lack of additional allegations as to investors specific damages not fatal*

Judge Bush recommended dismissal of PAT Counts 1,2,5,6,7 and 8 for failure to allege the identify of each assigning investor, and thereby failing to state a claim upon which relief can be granted. (Dkt. No. 107 at 57-58.) Judge Bush found the deficiency could be cured by properly incorporating, in an amended complaint, a list of investor names. (<u>Id</u>. at 57.)  The R&R noted, however, it is not necessary for Zazzali to make specific allegations in the Complaint detailing each assigning investor's specific

**Order - 5**

damages, because this information can be gleaned through discovery and tested on summary judgment. (Id.)

Eide Bailly, while agreeing with Judge Bush's conclusion all claims on behalf of the PAT should be dismissed due to Plaintiff's failure to specifically identify each assigning investor, "objects to Judge Bush's statements that 'the absence of additional allegations detailing the assigning investors' specific damages and how Eide Bailly caused those damages is not fatal to Zazzali's Complaint' and that 'such information can be gleaned through discovery.'" (Dkt. No. 113 at 8.) Defendant argues this transfers the burden of uncovering facts from the Plaintiff to the Defendant, and Zazzali should be required to set forth each investor claim just as the individual investor would if they brought a separate fraud-based lawsuit. (Id. at 8.) Eide Bailly argues Judge Bush's conclusion is not consistent with Fed. R. Civ. P. 9(b)'s particularity requirement for fraud claims. (Id.)

Zazzali counters the objection lacks merit because the Trustee takes the position "that had Eide Bailly come anywhere near satisfying its professional and contractual obligations in conducting its audits, the entire DBSI fraud would have been revealed years earlier."(Dkt. No. 123 at 7.) Zazzali argues taking this position means information concerning damages is the same for each PAT member, and they need not have read a single Eide Bailly audit report to have sustained damages proximately caused by violations Eide Bailly facilitated. (Id. at 8.) Because the claims against Eide Bailly are for aiding and abetting fraud and breaches of fiduciary duties, Zazzali argues the reliance on Rule 9(b) is misplaced, and the Trustee need only prove Eide Bailly's knowing participation in those violations. (Id.)

**Order - 6**

Defendant's objections on this point are not well taken. Even under the Rule 9(b)

standard, a complaint does not fail for not specifying an amount of damages. Rather, if

the existence, and not the amount, of damages alleged in a fraud pleading is too remote,

speculative or uncertain, then the pleading cannot state a claim for relief. <u>See</u>, <u>Alimena v.</u>

<u>Vericrest Fin., Inc.</u>, 2013 U.S. Dist. LEXIS 112814, *25 (E.D. Cal., Aug. 9, 2013).

Plaintiff sufficiently alleges the investors suffered damages, and details of those damages

can be fleshed out upon discovery. The Court agrees with the R&R's conclusion and

adopts the R&R on this point.


   *2.  Remaining objections*


   Eide Bailly acknowledges its remaining objections need not be addressed unless the

Court rejects the R&R's other recommendations on dismissing the RICO counts. (Dkt.

No. 113 at 9, 11, 12.) Because the Court adopts the R&R in full, the remaining objections

are not addressed.


<u>Zazzali's Objections</u>


   *1.  ELT's causes of action should not be dismissed on grounds of <u>in pari delicto</u>*


   The R&R recommends dismissal with prejudice of counts 1,2,3,4, 9 and 16 of

Plaintiff's claims on behalf of ELT based on the doctrine of <u>in pari delicto</u>, which stands

**Order - 7**

for the proposition that when plaintiff is as culpable as the defendant (if not more so), the law will let losses rest where they fall. (Dkt. No. 107 at 22, 31.) Zazzali objects to the conclusion the doctrine should be applied here because such application would be inequitable in light of (1) the innocence of the victims of the DBSI fraud who are the beneficiaries of the ELT, (2) the safeguards put in place to ensure no wrongdoer will receive any portion of a judgment in favor of the ELT, (3) Eide Bailly's express contractual commitment to detect fraud, and (4) Eide Bailly's degree of culpability relative to the beneficiaries of the ELT. (Dkt. No. 114 at 4.)

Plaintiff's objections are not well taken. Zazzali raises no argument in his objections militating against the application of in pari delicto to this case. In the very similar Hirschler case, discussed above, in pari delicto was applied. 482 B.R. at 514. That case involved the same ELT, the same DBSI, and the same basic Ponzi scheme scenario presented here. The application of the doctrine in Hirschler is instructive and addresses many of Plaintiff's objections. The Court in Hirschler found that under Idaho law and on the facts of the DBSI fraud allegations, the alleged wrongful conduct of officers and directors of DBSI is imputed to DBSI, and the court rejected equitable arguments against applying the doctrine. Id. at 513. Plaintiff's first, second and fourth arguments fail for the same reasons they failed in Hirschler.

Plaintiff's third argument, that Eide Bailly was contractually bound to detect fraud, is also not persuasive. (Dkt. No. 114 at 9.) As Defendant notes in its reply to Plaintiff's objections, Eide Bailly's agreement to provide "reasonable assurances" against fraud and

**Order - 8**

specified DBSI was ultimately responsible for the design and implementation of fraud prevention programs. (Dkt. No. 90-1 at 25.)

The two cases primarily relied upon by Plaintiff, <u>NCP Litigation Trust v. KPMG LLP</u>, 901 A.2d 871 (N.J. 2006) and <u>Freeman v. BDO Seidman LLP</u>, 2010 WL 1417732 (Bankr. S.D. Fla. Apr. 6, 2010), are not applicable for several reasons. First, Plaintiff acknowledges neither of these opinions are binding precedent for this Court. (Dkt. No. 114 at 12.) Second, the only Court outside of New Jersey to adopt the <u>NCP</u> analysis is <u>Freeman</u>, the unpublished Florida bankruptcy court decision. Judge Bush properly chose to rely on alternative precedent. (Dkt. No. 107 at 26.) Third, there are important factual differences between the <u>NCP</u> case and the case at hand. <u>NCP</u> involved a situation where certain officers were making fraudulent filings, where Plaintiff alleges DBSI was in its entirety an elaborate Ponzi scheme. 187 N.J. at 358. Plaintiff's objections are not persuasive and fail to cite binding precedent militating a departure from Judge Bush's analysis, and the Court adopts Judge Bush's analysis on the application of <u>in pari delicto</u>.

## 2. *ELT's actions for negligence/accounting malpractice should not be dismissed*

This objection goes to ELT's third cause of action, which is dismissed with prejudice for the reasons discussed above in the <u>in pari delicto</u> section, and this objection need not be addressed.

**Order - 9**

### 3.  ELT and PAT's RICO causes of action should not be dismissed

Plaintiff objects to the recommendation in the R&R that civil RICO claims be dismissed for failure to state a claim, arguing the claims are pled with sufficient particularity. Plaintiff contends proximate cause was sufficiently alleged because the Complaint claims the fraudulent offering materials in which Defendant was involved were the mechanism by which the DBSI fraud was perpetuated. (Dkt. No. 114 at 17.) Plaintiff goes on to dispute Judge Bush's finding that each actionable misrepresentation alleged by Plaintiff is barred by the securities fraud exemption to the applicable RICO claims. Plaintiff argues at least some of the misrepresentations constitute RICO predicate acts and cannot be actionable in securities fraud, or at least necessitate an intensive fact inquiry to determine if they do constitute securities fraud. (Id. at 18.)

Plaintiff's objections on this point fail to raise arguments not addressed in the R&R, and the Court agrees with the R&R's analysis. (See, e.g., Dkt. No. 107 at 41.) Importantly, the Hirschler decision also found, on extremely similar facts, RICO claims were barred by the securities fraud exemption. 482 B.R. at 515. The Court finds, and Plaintiff presents, no reason to deviate from the Hirschler decision and Judge Bush's well reasoned conclusions on the RICO claims. The findings of the R&R are adopted on this point.

**Order - 10**

*4. ELT's unjust enrichment claim should not be dismissed*

This objection goes to ELT's 16th cause of action, which is dismissed with prejudice for the reasons discussed above in the in pari delicto section, and this objection need not be addressed.

*5. ELT's avoidance actions should not be dismissed*

Plaintiff objects to the R&R's recommendation the ELT avoidance actions based on constructive fraud (ELT claims 11, 13 and 14) be dismissed for lack of allegations as to the value of each specific transfer at issue. (Dkt. No 114 at 19.) Plaintiff contends transaction-specific allegations are not required because the Trustee alleges all transfers at issue served only to deepen the insolvency of the Debtors. (Id. at 20.) At a minimum, Plaintiff argues fact issues involved in these claims make them inappropriate for resolution at the pleading stage. (Id.) Defendant counters the R&R's recommendation of dismissal should be adopted because Plaintiff's claims are merely a recitation of the elements of the claim, and provide facts insufficient to state a claim. (Dkt. No. 122 at 21.) Defendant also notes the Hirschler court dismissed constructive fraud based claims for the same reason. (Id.)

Plaintiff's objections on this point are not persuasive. Plaintiff raises no issue not already considered in the R&R. As the R&R noted, a recitation of the elements of a claim does not satisfy requisite pleading standards; Plaintiff must plead some facts to support a

**Order - 11**

plausible claim. (Dkt. No. 107 at 55.) One of the elements of a constructive fraudulent transfer claim is Plaintiff did not receive the reasonably equivalent value of property transferred. See, In re Nat'l Consumer Mortg., LLC, 2013 U.S. Dist. LEXIS 5986, *31-32 (D. Nev. Jan. 14, 2013). The failure to allege necessary facts going to reasonably equivalent value does not create "issues of fact" such that dismissal at the pleading stage is inappropriate. This issue here is not one where Plaintiff and Defendant argue a different version of facts such that a factual conflict is created; instead, Plaintiff has failed to allege sufficient facts to state a claim. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, the R&R properly found the Complaint stated facts "merely consistent with a defendant's liability" and therefore failed to state a claim. Id. The R&R's findings on these claims are adopted.

6. *PAT claims should not be dismissed for failure to identify beneficiaries*

Plaintiff argues the PAT's claims should not be dismissed for failure to identify beneficiaries because this information is publically available, and Eide Bailly has access to the information outside of this litigation. (Dkt. No. 114 at 20.) Plaintiff argues Judge Bush's recommendation on this point is inconsistent with the R&R's other finding that the Trustee's damages allegations can be cured through discovery. (Id.)

**Order - 12**

Plaintiff's objections are not persuasive. The need to allege exact amounts of damages

is analytically distinct from the need to allege beneficiary identity. The R&R successfully

makes this distinction. (Dkt. No. 107 at 57.) The R&R also addresses and rejects

Plaintiff's argument disclosure is unnecessary because investor names are separately

published outside this litigation. (Id.) Plaintiff's objections raise no new issues and the

R&R is adopted on this point.


7.  *PAT claims should not be dismissed for failure to plead insiders' fraud*


Plaintiff objects to the R&R's finding that because Plaintiff failed to sufficiently plead

the predicate acts of fraud, the pleadings are insufficient to state a claim for aiding and

abetting fraud. (Dkt. No. 107 at 59.) Plaintiff argues this finding is inconsistent with

footnote 30 of the R&R, where Judge Bush did find Eide Bailly was aware of the alleged

DBSI Ponzi scheme and substantially assisted the Insiders in achieving it. (Dkt. No. 114

at 21.) Plaintiff further objects that the predicate acts were sufficiently pled. (Id.)

The Court first notes the R&R's main finding and footnote 30 are not internally

inconsistent because they deal with separate elements of the claim. The finding that Eide

Bailly was aware of the alleged Ponzi scheme does not contradict the finding that fraud

elements were, separately, insufficiently pled. Fed. R. Civ. P. 9(b) requires fraud based

allegations to "state with particularity the circumstances constituting the fraud," and as

discussed below, the Rule 9(b) standard applies here. Plaintiff's objections do not raise

issues unaddressed by the R&R. This Court finds the reasoning in the R&R appropriate, and adopts the R&R's findings on this point.

### 8. *PAT claims should not be dismissed for failure to plead fiduciary duty*

Judge Bush concluded in order for Plaintiff to successfully plead a fiduciary duty claim, Plaintiff must establish a fiduciary relationship between the Insiders and assigning investors in the PAT. (Dkt. No. 107 at 60.) Plaintiff objects, arguing at this stage "it is too early to be certain whether, in each case, the Insiders' duties . . . to PAT members . . . arose purely as a result of the language in [the] offering documents or as a result of a fiduciary duty, separate from [the] offering documents[.]" (Dkt. No. 114 at 22.) Plaintiff argues this claim is properly tested at the summary judgment stage, and not at this stage. (Id.)

Establishing the existence of a fiduciary duty is essential to a claim for breach of fiduciary duty. "To establish a claim for breach of fiduciary duty, plaintiff must establish that defendants owed plaintiff a fiduciary duty and that the fiduciary duty was breached." Country Cove Dev., Inc. v. May, 143 Idaho 595, 601 (2006), quoting Sorenson v. Saint Alphonsus Reg'l Med. Ctr., Inc., 141 Idaho 754, 760 (2005). As discussed above, failure to raise any facts supporting a central element of the claim makes the claim insufficient. Iqbal, 556 U.S. at 678. Plaintiff does not appear to argue a fiduciary duty does exist or that a fiduciary duty has been demonstrated. The Court finds the reasoning presented in the R&R appropriate and adopts the R&R on this point.

**Order - 14**

*9.  Trustee should be entitled to a relaxed pleading standard*

Plaintiff argues the Trustee is entitled to a relaxed pleading standard, and objects to

Judge Bush's conclusion that ordinary pleading standards should apply in light of the

Examiner's reports and investigation. (Dkt. No. 114 at 22.) Plaintiff argues the reports are

inapposite because they focused on DBSI and not Eide Bailly. (Id.) Because evidence

going specifically to Eide Bailly will be essential in proving its case against Eide Bailly,

Plaintiff argues the Trustee should be afforded a relaxed pleading standard. (Id. at 23.)

Judge Bush referenced the Hirschler decision in reaching the conclusion a relaxed

pleading standard is inappropriate under the circumstances of this case, noting the

Trustee here had access to an extensive investigation into the DBSI fraud. (Dkt. No. 107

at 39, n. 22.) The Court agrees with Judge Bush's reasoning and the reasoning in

Hirschler, and finds the circumstances of this case are not the kind which implicate the

need for a relaxed pleading standard. 482 B.R. at 511-12.

*10.  Findings on PAT standing*

Plaintiff objects to Judge Bush's rejections of Plaintiff's standing arguments. (Dkt.

No. 114 at 23.) Because, as discussed above, the Court adopts the R&R's finding that

Zazzali does have standing to bring the claims on behalf of PAT, this objection need not

be addressed.

**Order - 15**

**Conclusion**

The Court, having considered the objections and responses of all Parties and all

related documents, agrees with the findings and conclusions of the Honorable Magistrate

Judge Bush and ADOPTS the Report and Recommendation in full. A summary of each

claim and its status is presented in the chart below.  Plaintiff has fifteen (15) days from

the date of this order to file an amended complaint.

ELT Claims:

| Claim Number and Abbreviated Description | 1 RICO violations | 2 consp. to violate RICO | 3 prof. negligence | 4 aiding breach of fiduciary duty | 9 breach of contract | 10 avoidance two year transfers |
|---|---|---|---|---|---|---|
| Status | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed | Active |

| Claim Number and Abbreviated Description | 11 avoidance fraudulent transfers | 12 avoidance four year transfers | 13 avoidance four year const. fraud transfers | 14 avoidance four year const. fraud transfers | 15 transfers in fraud of creditors | 16 unjust enrich. |
|---|---|---|---|---|---|---|
| Status | Dis. without prejudice | Active | Dis. without prejudice | Dis. without prejudice | Active | Dismissed |

**Order - 16**

PAT Claims:

| Claim Number and Abbreviated Description | 1 RICO violations | 2 conspiracy to violate RICO | 5 aiding fraud | 6 civil conspiracy | 7 aiding breach of fiduciary duty/ breach of trust | 8 aiding breach of fiduciary duty |
|---|---|---|---|---|---|---|
| Status | Dis. without prejudice | Dis. without prejudice | Dis. without prejudice | Dis. without prejudice | Dis. without prejudice | Dis. without prejudice |

Dated this 14th day of November, 2013.

_Marsha J. Pechman_
Marsha J. Pechman
Chief United States District Judge

**Order - 17**